IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHONDA RASCHE and DANIEL CHASTEEN, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 15-cv-07918 |
| B.R. LANE, Acting Director of the Illinois Department of the Lottery; ILLINOIS DEPARTMENT OF THE LOTTERY; ILLINOIS LOTTERY CONTROL BOARD; and NORTHSTAR LOTTERY GROUP, LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

NOW COME Plaintiffs RHONDA RASCHE ("Rasche") and DANIEL CHASTEEN ("Chasteen") (collectively, "Plaintiffs"), by and through counsel, and respectfully request the entry of an order certifying this action as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

**CLASS DEFINITION**

1. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of themselves and two putative Classes of similarly situated individuals, defined as follows:

> Class I: All winners of Illinois Lottery Games and Lottery Tickets whose claim to prizes in excess of $25,000 existed on or after July 1, 2015, and who have not been paid.
>
> Class II: All individuals who bought Illinois Lottery Games and Lottery Tickets with potential prize awards in excess of $25,000 on or after July 1, 2015, and who had not been informed by Defendants that they would not be able to obtain payment of winnings in excess of $25,000.

> Excluded from the Classes are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

(*See* Plaintiffs' Class Action Complaint ("Compl."), ¶¶ 55-56).

2.  Plaintiffs further request that they be appointed the representatives of the Class, and that Zimmerman Law Offices, P.C. be appointed counsel for the Class.

3.  Plaintiffs incorporate by reference the allegations in their Complaint in support of this motion.

## **NATURE OF THE CASE**

4.  Plaintiffs have filed a Complaint against B.R. LANE, Acting Director of the Illinois Department of the Lottery; the ILLINOIS DEPARTMENT OF THE LOTTERY; the ILLINOIS LOTTERY CONTROL BOARD; and NORTHSTAR LOTTERY GROUP, LLC ("Northstar") (collectively, the "Defendants"), alleging Defendants failed to make payouts due and owing to Illinois Lottery Winners who won and are entitled to funds in excess of $25,000 after July 1, 2015. (Compl., ¶¶ 1, 2).

5.  Plaintiffs also allege that notwithstanding Defendants' failure to pay out prizes in excess of $25,000, Defendants continue to sell Illinois Lottery tickets with potential winnings in excess of $25,000. (Compl., ¶ 12).

6.  Plaintiffs further allege that Defendants claim that their failure to make such payments is due a state budget impasse. (Compl., ¶ 6).

7. Plaintiffs allege that Defendants continue to sell Lottery tickets and games to the public, without properly informing the buyers of the Lottery tickets and games that the Lottery winnings in excess of $25,000 will not be paid (Compl., ¶ 112).

8. Plaintiffs allege that Defendants continue to advertise and represent that the Illinois Lottery games and tickets with potential prize values in excess of $25,000 are "instant" games that provide an "instant payout," knowing fully well that such payments will not be disbursed. (Compl., ¶ 113).

9. Plaintiffs allege that they sustained damages as a result of their reliance on the Defendants' representations, omissions, statements and conduct, in that they purchased Lottery tickets and games based thereon, and are not able to collect the winnings due and owing to them. (Compl., ¶¶ 116-117).

10. Plaintiffs allege that as a result of the Defendants' failure to pay the prize money, they are entitled to the statutory pre-judgment interest at the rate of 5%, under 815 ILCS 205/2. (Compl., ¶65).

11. Plaintiffs allege, upon information and belief, that notwithstanding Defendants' failure to pay out the prizes in excess of $25,000, Defendants continue to pay costs incurred in the operation and administration of the Illinois Lottery, including, without limitation, Defendant B.R. Lane's annual salary of $142,000, and the sums due to the statutory private manager Defendant Northstar under the management agreement with Defendant Illinois Department of the Lottery. (Compl., ¶ 13).

12. In the Complaint, Plaintiffs assert claims for: (a) declaratory judgment; (b) mandatory injunction; (c) 42 U.S.C. § 1983; (d) conversion; (e) unjust enrichment; and (f) fraud.

## CLASS CERTIFICATION REQUIREMENTS

13. To achieve Class certification, a plaintiff must demonstrate that Rule 23(a)'s four prerequisites are satisfied: (1) that the proposed Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the Class; (3) that the claims of the representative party are typical of the claims of the Class; and (4) that the representative party will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). This case satisfies all of those factors.

14. **Numerosity.** To satisfy the numerosity requirement, a Class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "When the Class is large, numbers alone are dispositive." *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986). Where the Class numbers at least 40, joinder is generally considered impracticable. *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill. 2002). Here, the exact number of Class members is unknown and is not available to Plaintiffs at this time, but individual joinder in this case is impracticable. For example, with respect to Class I, the Illinois Lottery on its website highlights twenty-nine (29) prizes that have occurred since July 1, 2015, ranging from $50,000 to a $262 million Mega Millions jackpot split by two winners. Given the fact that since August 17, 2015, the website of the Illinois Lottery inexplicably ceased publishing the Press Releases relating to the Illinois Lottery Winners, who won in excess of $25,000, while tickets with that potential prize value continued to be sold during this time, there likely have been additional winners of Illinois Lottery Games and Lottery Tickets with claims to prizes in excess of $25,000, and who have not been paid. With respect to Class II, the number of individuals comprising this Class is very significant, likely in the thousands. "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary

showing by defendant, since discovery is not essential in most cases in order to reach a class determination…. Where the exact size of the Class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), § 7.22.A.

15. **Commonality.** Rule 23(a)'s second requirement is that there must be "questions of law or fact common to the Class." Fed. R. Civ. P. 23(a)(2). This "commonality" requirement is satisfied by showing "a common nucleus of operative fact" *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998), that is "of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Where a question of law involves "standardized conduct of the defendant toward members of the proposed Class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago,* 102 F.R.D. 944, 949 (N.D. Ill. 1984); *accord, Patrykus v. Gomilla,* 121 F.R.D. 357, 361 (N.D. Ill. 1988). Here, Defendants engaged in standardized conduct involving a common nucleus of operative facts. As a result of the official policy adopted by Defendants, Illinois Lottery Winners who won in excess of $25,000 after July 1, 2015 are indefinitely barred from obtaining their winnings. Therefore, in this case, there are questions of law and fact common to the Class which predominate over any questions affecting only individual members, in satisfaction of Rule 23(a). These questions include, but are not limited to, the following:

      a. Whether Plaintiffs and Class members are entitled to their winnings without further delay;

      b. Whether Plaintiffs and Class members have full and exclusive property rights in their winnings (*i.e.*, ownership);

      c. Whether Plaintiffs and Class members have been wrongfully deprived of their winnings;

    d. Whether Plaintiff and Class Members are entitled to injunctive relief to obtain their winnings;

    e. Whether the Defendants violated Plaintiffs' and Class members' constitutional and property rights by refusing to disburse the winnings;

    f. Whether Plaintiffs and Class members have a right to immediate possession of the winnings;

    g. Whether Defendants converted Plaintiffs' and Class members' property (*i.e.*, winnings in excess of $25,000);

    h. Whether Plaintiffs and Class members are entitled to interest on the withheld funds;

    i. Whether Defendants were unjustly enriched due to their conduct;

    j. Whether Defendants committed fraud;

    k. Whether Plaintiff Rasche and Class II members were and are entitled to be informed that they would not be paid if their winnings exceeded $25,000.

(Compl., ¶58).

16. **Typicality.** Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the Class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other Class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In this case, typicality is inherent in the Class definition because each Class member, including each Plaintiff, was subjected to the same deceptive conduct. Each Class member's claim is based on the same legal theories as Plaintiffs'—Plaintiffs and Class members bought Illinois Lottery Games and Lottery Tickets with potential prize awards in excess of $25,000 on or after July 1, 2015, without having been informed by Defendants that they would not be able to obtain payment of winnings in excess of $25,000. To date, citing to the lack of a state budget

6

since July 1, 2015, Defendants failed to make payments to winners with claims in excess of $25,000 in violation of the Illinois Lottery Law. (Compl., ¶¶ 1-2, 20-22, 49, 54, 55-56). Thus, Rule 23(a)(3)'s "typicality" requirement is satisfied.

17. **Adequacy of Representation — Rule 23(a)(4) Adequacy Requirement.** Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The burden of showing sufficient interest is relatively modest." *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 295 (N.D. Ill. 2008).

Here, Plaintiffs understand the obligations of being Class representatives, the nature of the claims that are involved in the litigation, and they have an interest in representing the Class. (Compl., ¶ 60). Given the identity of claims between Plaintiffs and the Class members, there is no potential for conflicting interests. There is no antagonism between the interests of Plaintiffs and those of the other Class members, which is the key factor to determine whether a plaintiff is an adequate representative. (Compl., ¶ 60). Therefore, Rule 23(a)(4)'s "adequacy" requirement is satisfied.

18. **Adequacy of Representation — Rule 23(g) Class Counsel Adequacy Requirement.** Class counsel's adequacy is determined by four factors: (i) the work counsel have done in identifying or investigating potential claims; (ii) counsel's experience in handling class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). Here, Plaintiffs' counsel have thoroughly discovered the ins-and-outs of Defendants' alleged misrepresentations and omissions. Plaintiffs' counsel are experienced class action lawyers. (Compl., ¶ 60). They have been appointed as lead or co-lead counsel in numerous nationwide class actions and have

recovered substantial monies for their clients and class members. Finally, Plaintiffs' counsel have significant financial and administrative resources to prosecute this matter on behalf of the Class. (*See* Zimmerman Law Offices, P.C. Firm Bio, attached hereto as <u>Exhibit 1</u>, and Plaintiffs' counsel's website www.attorneyzim.com).

### The Requirements of Rule 23(b)(3) Are Satisfied

19. To certify a class under Rule 23(b)(3), a plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

20. **Predominance.** Rule 23(b)(3) requires that Plaintiffs show that common questions of law or fact predominate over any individual questions. For the reasons discussed above regarding commonality and typicality, there is no reason to believe that any individual question will predominate over the common questions in this litigation. Common legal issues predominate because the putative Class members' claims arise out of the same misconduct on the part of Defendants. Common fact issues predominate because the putative Class members' claims are focused on Defendants' misrepresentations and omissions.

21. **Superiority.** Fed. R. Civ. P. 23(b)(3) requires that a Class action be the superior method of adjudicating the claims at issue. The court determines the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 189 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "[i]nability of the poor or uninformed to enforce their rights, and the improbability that large numbers of Class members

would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

Here, allowing the case to proceed as a class action will be an efficient use of judicial resources and will be superior to individual lawsuits. From the perspective of the Court system, filing numerous cases against Defendants would be unduly burdensome to the courts, and judicial efficiency would be greatly promoted by the adjudication of identical claims through a single proceeding.

From the perspective of the Class members, a class action is a superior means of resolving the issues regarding Defendants' misrepresentations and omissions, especially when compared to individual actions. Allowing this case to proceed as a class action will be an efficient use of judicial resources and will be superior to individual lawsuits, especially considering the large number of potential individual lawsuits.

WHEREFORE, because the proposed Class meets the requirements of Rules 23(a), (b)(3), and (g), Plaintiffs request that the Court (i) certify the class, (ii) appoint Plaintiffs as the Class representatives, (iii) appoint Plaintiffs' counsel as Class counsel, and (iv) for any other relief the Court deems just.

    Plaintiffs RHONDA RASCHE and DANIEL CHASTEEN, individually, and on behalf of all others similarly situated,

    By:   s/Thomas A. Zimmerman, Jr.
         Thomas A. Zimmerman, Jr. (IL #6231944)
         *tom@attorneyzim.com*
         Eleonora P. Khazanova (IL #6293116)
         *ella@attorneyzim.com*
         Matthew C. De Re (IL #6317913)
         *matt@attorneyzim.com*
         Nicholas J. Hagman (IL #6317689)
         *nick@attorneyzim.com*

                                      ZIMMERMAN LAW OFFICES, P.C.
                                      77 West Washington Street, Suite 1220
                                      Chicago, Illinois 60602
                                      (312) 440-0020 telephone
                                      (312) 440-4180 facsimile
                                      www.attorneyzim.com

Counsel for the Plaintiffs and Putative Class

Case: 1:15-cv-07918 Document #: 6 Filed: 09/09/15 Page 10 of 19 PageID #:49

# EXHIBIT 1

# ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in individual and class action lawsuits nationwide, and represent professionals across Illinois in state and federal licensure hearings, in the following areas:

- <u>Class-Action Lawsuits</u> — Represent clients nationwide in lawsuits involving defective products, fraud and misrepresentation, misleading claims, billing fraud, insurance denials, and failure to honor warranties.

- <u>Consumer Rights / Fraud</u> — Represent individuals who have suffered financially due to misrepresentation, fraud, and illegal business practices.

- <u>Defective Products</u> — Recover damages for plaintiffs who have suffered physical injury or economic loss as a result of dangerous drugs and defective products.

- <u>Business Litigation</u> — Effective representation of plaintiffs and defendants in commercial disputes, including contract and transactional disputes, as well as commercial and real estate litigation.

- <u>Federal and State Licensure</u> — Represent clinical labs and staff licensed by the U.S. Department of Health and Human Services with regulatory issues, and work with medical professionals, real estate brokers, insurance producers, banks, and other professionals in obtaining or defending their professional licenses.

- <u>Personal Injury</u> — Hold negligent parties accountable for workplace injuries, catastrophic car accidents, and injuries from dangerous or defective products.

- <u>Malpractice and Negligence</u> — Prevail on behalf of victims of medical malpractice and negligence, the firm has a solid record of holding doctors, hospitals, dentists, pharmacists, and nursing homes accountable for errors and negligent care leading to injury and death.

- <u>Wrongful Death</u> — Represent the family members of individuals who have been killed in fatal accidents caused by another person or party's negligence.

The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $150 million on behalf of millions of individuals and businesses nationwide.

# ATTORNEYS

**Thomas A. Zimmerman, Jr.**

A seasoned litigator, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of

Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.


**Eleonora P. Khazanova**

Ms. Khazanova represents both plaintiffs and defendants in class action, corporate, commercial, medical malpractice, consumer fraud, financial, general civil, product liability, adversary bankruptcy proceedings, and other complex litigation. She practices nationwide in state and federal trial and appellate courts. She also represents individuals and corporations in transactional matters, and before administrative and regulatory agencies.

Ms. Khazanova's experience also includes handling the defense of individuals and companies in cases involving personal injury, employment, and commercial disputes involving all phases of litigation, including extensive discovery and substantive motion practice.

She earned a B.A. *summa cum laude* from Northwestern University, where she was selected as a member of the Phi Beta Kappa honor society and she won the Barry Farrell Prize for academic excellence. The Farrell Prize is awarded to the student with the most outstanding academic record in political science. Ms. Khazanova was also a member of the national honorary society for Classical Studies. She received her law degree from the Harvard Law School, where she was a member of the Harvard Human Rights Journal.

Ms. Khazanova has also been involved in valuable community service activities. While in law school, she volunteered for the Harvard Defenders, where she provided free representation to low-income defendants in criminal show-cause hearings before clerk-magistrates. Subsequently,

3

she provided *pro bono* legal services while volunteering at the Center for Disability and Elder Law, and the Chicago Volunteer Legal Services.

She is admitted to practice in the State of Illinois, as well as the U.S. District Courts for the Northern District of Illinois, Southern District of Indiana, and Seventh Circuit Court of Appeals. She is also an active member of the Chicago Bar Association.

**Matthew C. De Re**

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

**Nickolas J. Hagman**

Mr. Hagman is licensed to practice law in both the State of Illinois and the State of Wisconsin where he represents clients in state and federal courts. Mr. Hagman represents plaintiffs and defendants in cases involving class action, general civil, commercial, consumer fraud, corporate, product liability, personal injury, and other complex litigation issues. Additionally, Mr. Hagman represents licensed professionals, including physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance.

Mr. Hagman graduated *magna cum laude* from the University of Minnesota-Twin Cities with a bachelor's degree in both Political Science and Spanish. He earned his law degree from

Marquette University Law School in Milwaukee, Wisconsin. While in law school, he received academic awards and appeared on the Dean's List multiple times. He participated in several moot court competitions and also served for two years as Associate Editor of the Marquette Law Review.

Prior to joining Zimmerman Law Offices, he served as a Judicial Law Clerk for several judges in the Milwaukee County Circuit Court in Wisconsin. He is a member of the Illinois, Wisconsin, Chicago, and Milwaukee Bar Associations.

## REPRESENTATIVE CLASS ACTION CASES

### Completed Cases

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, Ill.).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, Ill.).

*Misleading Newspaper Circulation* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, Ill.).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, Ill.).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, Ill.).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, Ill.).

*Misleading Product Labeling* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, Ill.).

5

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. Ill.).

*School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, Ill.).

*Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.).

*Privacy Violation* — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. Ill.).

*Contaminated Drinking Water* — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, Ill.).

*Privacy Violation* — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. Ill.).

*Privacy Violation* — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. Ill.).

*Unsolicited Faxes* — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.*, No. 07 CH 14018 (Cook Cnty, Ill.).

*Improper Health Club Memberships* — $138,000 recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. Ill.).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, Ill.).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. Ill.).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. Bkpt).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc., et al.*, No. 06 CH 03056 (Cook Cnty, Ill.).

**Pending Cases – Appointed Interim Co-Lead Counsel**

*Environmental Contamination* — Class action for a statewide class of individuals and businesses who are suffering from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. Ill.).

*Unauthorized Charges* — Class action for a statewide class of bus and train riders who have been assessed unauthorized and improper fees and charges. *In re Ventra Card Litigation*, 13-cv-07294 (N.D. Ill.).

*Misleading Product Claims* — Class action for a nationwide class of individuals who were sold submarine sandwiches materially shorter than advertised. *In re: Subway Footlong Sandwich Marketing and Sales Practices Litigation*, No. 2:13-md-02439 (E.D. Wis.).

*Misleading Product Labeling* — Class action for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, Ill.).

**Pending Cases – Appointed Class Counsel In Contested Class Proceedings**

*Failure to Disclose Contract Terms* — Class Action for a statewide class of individuals who obtained loans from a business that failed to provide adequate disclosures as to the terms of the loans. *Yi, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, Ill.). **Obtained Summary Judgment on Behalf of the Class.**

*Failure to Disclose Contract Terms* — Class Action for a statewide class of individuals who obtained loans from a business that failed to provide adequate disclosures as to the terms of the loans. *Papeck v. New York Jewelers, Inc.*, No. 09 CH 31995 (Cook Cnty, Ill.).

7

**Pending Cases**

*Defective Product* — Class action for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria.

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased a product that advertised it had a larger quantity than was actually provided to the purchaser.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased a product that advertised it was made of higher quality ingredients than were actually contained in the product.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective home security system that could be easily hacked and disabled.

*Misleading Product Labeling* — Class action for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Negligence* — Class action for a statewide class of individuals who were secretly video recorded while they were in private tanning rooms at a health club.

**NOTE:** This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

8