IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA RASCHE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 15 C 7918 |
| v. ) | |
| ) | JUDGE CASTILLO |
| B.R. LANE, et al., ) | |
| ) | |
| Defendants. ) | |

**ILLINOIS DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT ON THE BASIS OF ELEVENTH AMENDMENT IMMUNITY[1]**

The Illinois Department of the Lottery, its Director, B. R. Lane, Illinois Comptroller Leslie Geissler Munger, and Illinois Treasurer Michael W. Frerichs, (collectively the "Illinois Defendants"), by their attorney Lisa Madigan, Attorney General of Illinois, move this Court to dismiss all claims against them pursuant to the Eleventh Amendment.[2] In support of this motion, the Illinois Defendants state as follows:

**INTRODUCTION**

1. Plaintiffs and the putative class are a group of lottery winners in Illinois who have not yet been paid. The reason for the lack of payment is unfortunate, but simple—the Illinois Constitution prohibits the Illinois Defendants from expending public funds without a budget and corresponding appropriation authority. ILL CONST., art. VIII, §2(b). Plaintiffs have now filed a

---

[1] As required by the Court's standing order, counsel for the Illinois Defendants previously provided Plaintiffs' counsel with a letter outlining the legal and factual bases for a motion to dismiss. The parties discussed but did not agree on the question of Eleventh Amendment immunity.

[2] The Illinois Defendants' deadline to answer or otherwise respond to the Amended Complaint is December 16, 2015. In the event this Court denies immunity under the Eleventh Amendment, the Illinois Defendants intend to file a motion to dismiss for failure to state a claim.

1

118-page Amended Complaint alleging federal claims for asserted violations of due process, takings, and RICO, plus various state-law claims.

2. Additionally, Plaintiffs have filed a motion for temporary restraining order and preliminary injunction, Doc. 17, seeking to have this Court compel the Illinois Defendants to sequester the amount allegedly owed to plaintiffs from the state treasury and into an account managed by this Court. The Illinois Defendants have filed an opposition to plaintiffs' requested temporary restraining order and preliminary injunction, primarily on the grounds that their action is barred by Eleventh Amendment immunity. Docs. 24-1 and 29. At a status hearing on November 18, this Court set an evidentiary hearing on the motion for temporary restraining order and preliminary injunction for December 16, 2015, allowed plaintiffs to proceed with expedited discovery, and referred the case to the magistrate judge for a settlement conference. Doc. 27, 30.

3. During the November 18 status hearing, counsel for the Illinois Defendants noted that its opposition brief could be treated as a motion to dismiss, and suggested that the appropriate order of proceedings would be for the Court to rule on Eleventh Amendment immunity issue first, as a threshold matter, before allowing discovery or other proceedings. The Court indicated that it would consider that request.

4. The Illinois Defendants now formally move to dismiss the Amended Complaint because it is barred by the Eleventh Amendment. Plaintiffs' request for monetary relief undoubtedly is barred by the Eleventh Amendment. The Eleventh Amendment not only protects the Illinois Defendants from liability, but also from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 143-144 (1993). Contemporaneously with this motion, the Illinois Defendants also have filed a motion to stay all matters pending before this Court until the Court resolves the Eleventh Amendment defense.

**ARGUMENT**

5.      For the reasons detailed in the Illinois Defendants' memorandum opposing plaintiffs' motion for a temporary restraining order and preliminary injunction, the Eleventh Amendment bars plaintiffs' request for damages, including its request to have the Court order the State to transfer the amount of lottery winnings from the state treasury to the court. Doc. 29 at 9-10.

6.      Plaintiffs' claim for declaratory judgment in Count I is likewise barred by the Eleventh Amendment. Declaratory relief is not available under the *Ex parte Young* exception to the Eleventh Amendment unless such relief is necessary to enjoin on-going violations of federal law. See *MCI Telecomms. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 345 (7th Cir. 2000) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). The Seventh Circuit has recognized that when, as here, "a declaratory judgment 'would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment,' the Supreme Court has denied declaratory relief." *Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 778 (7th Cir. 1991) (applying Eleventh Amendment to bar declaratory request seeking finding that State owed Plaintiff money) (quoting *Green v. Mansour*, 474 U.S. 64, 73 (1985)). In *Council 31 of the Am. Fed'n of State, County, & Mun. Employees v. Quinn*, 680 F.3d 875, 883-84 (7th Cir. 2012), the Seventh Circuit affirmed the dismissal of a claim for declaratory relief that, while not explicitly requiring payment, effectively "would force the defendants, acting in their official capacities, to extract funds from the State's treasury for the ultimate benefit of the plaintiffs." That is the circumstance here.

7.      A federal court cannot enter a declaratory judgment against state agencies or officials acting in their official capacities where the court would declare the lawfulness of past

actions. *Green*, 474 U.S. at 73. Otherwise, a plaintiff could obtain a declaratory judgment that found the State liable for past conduct, and then use that judgment as *res judicata* in a state court forum to obtain money damages. See *id.* This would allow an end-run around the Eleventh Amendment, destroying the Amendment's protection.

8.  Here, Plaintiffs seek a declaration of rights finding that the Illinois Defendants wrongfully withheld their lottery winnings. (Doc. 12, ¶247). Such a judgment would amount to a finding of liability for past conduct. It would do nothing to address purported on-going violations of federal law. Indeed, the only advantage plaintiffs could derive from their requested declaration would be to present it in a state court proceeding as *res judicata* on the issue of liability, leaving to the state courts the mechanical process of tabulating damages against the Illinois Defendants. This would eviscerate the State's immunity protection afforded under the Eleventh Amendment.

**Wherefore**, for these reasons, and as detailed in the Illinois Defendants' memorandum in opposition to plaintiffs' motion for temporary restraining order and preliminary injunction, the Illinois Defendants respectfully request this Court to grant their motion to dismiss the Amended Complaint because it is barred by the Eleventh Amendment.

LISA MADIGAN
Attorney General of Illinois

November 23, 2015

Respectfully submitted,

/s/ *Thomas A. Ioppolo*
Thomas A. Ioppolo
Sunil Bhave
Assistant Attorneys General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-7198

## CERTIFICATE OF SERVICE

I, Thomas A. Ioppolo, hereby certify that I have caused true and correct copies of the above and foregoing Motion to Dismiss to be sent via e-filing to all counsel of record on November 23, 2015, in accordance with the rules on electronic filing of documents.

/s/ *Thomas A. Ioppolo*
Thomas A. Ioppolo
Assistant Attorney General